

# COMMONWEALTH of VIRGINIA

### *Secretary of the Commonwealth*

POST OFFICE BOX 2452

RICHMOND, VIRGINIA 23218-2452

## NOTICE OF SERVICE OF PROCESS

Northampton County, North Carolina Board of Education
701 N. Church St
Jackson, NC 27845

11/6/2020



RECEIVED
NOV 13 2020
BY:

Fairfax County School Board

vs.

Northampton County, North Carolina Board of Education

**Summons and Complaint**

Dear Sir/Madam:

You are being served with the enclosed notice under section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process.

If you have any questions about the matter, PLEASE contact the CLERK of the enclosed/below mentioned court or any attorney of your choice. Our office does not accept payments on behalf of debts. The Secretary of the Commonwealth's ONLY responsibility is to mail the enclosed papers to you.

COURT:

Fairfax County Circuit Court
4110 Chain Bridge Road
Fairfax, VA 22030-4009

Service of Process Clerk
Secretary of the Commonwealth's
Office

**AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH**

Case No. .......... 2020 16041

Commonwealth of Virginia    VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

.......... Fairfax County .......... Circuit Court

| Fairfax County School Board | v. | Northampton County, North Carolina Board of Education |
|---|---|---|
| | | 701 N. Church St. |
| | | Jackson, NC 27845 |

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

| Attachments:    [×] Summons and Complaint      [ ] Notice |
|---|
| [ ] |

I, the undersigned Affiant, state under oath that

[×] the above-named defendant    [ ]

whose last known address is    [×] same as above [ ]

1. [×] is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).

2. [ ] is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

.......... is the hearing date and time on the attached process or notice (if applicable).

.......... 10/15/2020 ..........
DATE      [ ] PARTY [×] PARTY'S ATTORNEY [ ] PARTY'S AGENT [ ] PARTY'S REGULAR AND *BONA FIDE* EMPLOYEE

State of .......... *Virginia* .......... [ ] City [×] County of .......... *Fairfax* ..........

Acknowledged, subscribed and sworn to before me this day by .......... *Ian McElhaney* ..........
PRINT NAME OF SIGNATORY

.......... 10-15-2020 ..........
DATE      [ ] CLERK [ ] MAGISTRATE [×] NOTARY PUBLIC

Notary Registration No. 7594296 My commission expires: *Feb. 28, 2022*

*Terrie Lee Mohrmann*
*NOTARY PUBLIC*
*Commonwealth of Virginia*
*Reg. # 7594296*
*Com. Exp. Feb. 28, 2022*

[×] Verification by the clerk of court of the date of filing of the certificate of compliance is requested. A self-addressed stamped envelope was provided to the clerk at the time of filing this Affidavit.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:

You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.

SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

**CERTIFICATE OF COMPLIANCE**

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On .......... NOV 0 2 2020 .........., legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2. On .......... NOV 1 0 2020 .........., papers described in the Affidavit and a copy of this Affidavit are forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

.......... SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 07/13

**NON-RESIDENCE GROUNDS REQUIREMENT:**
If box number 1 is checked, insert the appropriate subsection number:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1.  Transacting any business in this Commonwealth;

2.  Contracting to supply services or things in this Commonwealth;

3.  Causing tortious injury by an act or omission in this Commonwealth;

4.  Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

5.  Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

6.  Having an interest in, using, or possessing real property in this Commonwealth;

7.  Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting;

8(ii). Having been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having *in personam* jurisdiction over such person; or

10. Having incurred a liability for taxes, fines, penalties, interest, or other charges to any political subdivision of the Commonwealth.

**DUE DILIGENCE REQUIREMENT:**

If box number 2 is checked, the following provision applies:

When the person to be served is a resident, the signature of an attorney, party or agent of the person seeking service on such affidavit shall constitute a certificate by him that process has been delivered to the sheriff or to a disinterested person as permitted by § 8.01-293 for execution and, if the sheriff or disinterested person was unable to execute such service, that the person seeking service has been unable, after exercising due diligence, to locate the person to be served.

FORM CC-1418 (MASTER, PAGE TWO OF TWO) 11/07

COMMONWEALTH OF VIRGINIA
## *CIRCUIT COURT OF FAIRFAX COUNTY*
### 4110 CHAIN BRIDGE ROAD
### FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

**Fairfax County School Board vs. Northampton County North Carolina Board of Education**

**CL-2020-0016041**

TO:    **Northampton County North Carolina Board of Education**
**Serve: Secretary of the Commonwealth**
**1111 E Broad St #4**
**Richmond VA 23219**

### SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.

Done in the name of the Commonwealth of Virginia, on October 21, 2020.

JOHN T. FREY, CLERK

By: _____
Deputy Clerk

Plaintiff's Attorney:  Ian McElhaney

**VIRGINIA:**

'FILED
CIVIL INTAKE

IN THE CIRCUIT COURT FOR THE COUNTY OF FAIRFAX OCT 15 PH 3: 39

JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

| | | |
|---|---|---|
| **FAIRFAX COUNTY SCHOOL BOARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **NORTHAMPTON COUNTY, NORTH** | ) | Case No. **2 0 2 0    1 6 0 4 1** |
| **CAROLINA BOARD OF EDUCATION,** | ) | |
| | ) | |
| **Serve:  Secretary of the Commonwealth** | ) | |
|      **1111 E Broad St #4,** | ) | |
|      **Richmond, VA 23219** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Fairfax County School Board ("FCSB"), by counsel, states as follows for its

Complaint against Defendant Northampton County, North Carolina Board of Education

("Northampton" or "Defendant").

### Overview of the Action

1.     FCSB brings this action against Northampton for declaratory judgment and

injunctive relief to require Northampton to fulfill its legal responsibilities to provide special

education services to a student, S.B., with severe disabilities who is receiving medical treatment

in Fairfax County, Virginia, but who – along with her mother – is a legal resident of

Northampton County, North Carolina. FCSB also seeks damages in the form of reimbursement

for more than one hundred thousand dollars it has been required to expend in order to provide

special education to S.B. as a result of Northampton's failure to assume its legal responsibility

for the special education, therapy and nursing services to that student, for which FCSB has invoiced Northampton, but Northampton has not paid any amount to date.

## Parties and Jurisdiction

2.      Plaintiff Fairfax County School Board is the corporate body which, pursuant to Va. Code section 22.1-71, and the authority conferred by the Constitution of Virginia, operates, maintains and supervises the Fairfax County Public Schools ("FCPS") as a political subdivision of the Commonwealth of Virginia. The School Board is a "Local Educational Agency," as that term is used in the Individuals with Disabilities Education Act, 20 U.S.C. 1400 et seq. ("IDEA").

3.      Defendant Northampton County, North Carolina Board of Education, located at 701 N. Church St., Jackson, NC 27845, operates and governs the Northampton County Public Schools in North Carolina. Defendant is a "Local Educational Agency," as that term is used in the IDEA.

4.      S.B. is and has been at all times relevant to this action a minor student, currently nine years old, with severe cognitive, communication and physical disabilities. On account of those disabilities, S.B. is and has been eligible for special education services under the IDEA. S.B.'s mother resides, and has resided since at least September 2018, in Northampton County, North Carolina. S.B. is also a resident of Northampton County, North Carolina.

5.      Jurisdiction is appropriate pursuant to Va. Code section 8.01-328.1(A)(10).

## Factual Allegations

6.      Due to the severity of S.B.'s disabilities, she has since March 2012 been receiving inpatient care at Iliff Nursing and Rehabilitation Center ("Iliff") in Dunn Loring, Virginia, within Fairfax County. Iliff is a pediatric nursing home care facility for children and young adults who

2

have severe illnesses and/or injuries. S.B. was placed at Iliff by virtue of the determination of private medical providers.

7.      Initially, when placed at Iliff, S.B.'s mother was residing in Greensville County, Virginia.

8.      IDEA provides that where an eligible student is receiving medical treatment or other noneducational services in a location other than his or her jurisdiction of residence, the school division serving the jurisdiction in which the student is a legal resident continues to be responsible for ensuring that the student receives required special education and related services.

9.      The U.S. Department of Education's Office of Special Education Programs, (which is responsible for developing and implementing IDEA's administrative regulations), has made clear in its administrative guidance that a child's home for purposes of IDEA is that of his parent, and that placement in a nursing home does not alter that rule. *Letter to Mills*, 213 IDELR 139 (OSEP 1988); *Letter to Moody*, 23 IDELR 833 (OSEP 1995); *Letter to McAllister*, 21 IDELR 81 (OSEP 1994).

10.     Accordingly, during the time that S.B.'s mother resided in Greensville County, and S.B. was a legal resident there, beginning in February 2017 the Greensville County School Board provided S.B. with special education and related services by reimbursing the Fairfax County School Board for the cost of educational and related services provided to her while at Iliff.

11.     In September 2018, S.B.'s mother moved from Greensville County and relocated to Northampton County, North Carolina. To the best of the School Board's knowledge, she continued to reside there since that time, including currently.

12.   S.B. continues to be a minor, and in any event her disabilities render her unable to form her own intent with respect to residency. Accordingly, she is a legal resident of Northampton County, as is her mother.

13.   When it became aware that S.B.'s mother had relocated to Northampton County and that S.B. was a resident of that county as well, FCSB notified Defendant in the spring of 2019 that Northampton was now responsible for providing, or arranging for, special education and related services to S.B.

14.   Since that time, Defendant has refused to respond and/or take any action required under IDEA and its implementing regulations to ensure that the S.B. receives an appropriate education and related services.

15.   IDEA, and federal and state administrative interpretations of its provisions provide that during the pendency of a dispute between jurisdictions as to the legal responsibility for provision of special education and related services to a disabled student, the jurisdiction currently providing the services must continue to do so, rather than unilaterally ceasing to provide services.

16.   Accordingly, FCSB has, since September 2018, been required to continue to provide education and related services to S.B. during her treatment at Iliff, notwithstanding that it is Northampton's legal responsibility to do so. The services provided to S.B. by FCSB have included, among other things, special education services; physical, occupational and speech therapy; and the individual services of a nurse to enable her to attend a special education program. FCSB has sent Northampton statements for the cost of these services on a quarterly basis since the spring of 2019. As of the time of the filing of this lawsuit, the amount of these services exceeds $100,000, and the costs continue to accumulate.

17.    Notwithstanding repeated reminders from FCSB, Northampton has failed and refused to make any payment to FCSB for the aforementioned services which are Northampton's responsibility, but which FCSB has been required to provide. Instead, Northampton has, by counsel, taken the position that S.B. is a student of Fairfax County.

## COUNT I
### (Breach of Implied- in Law Contract)

18.    The allegations contained in paragraphs 1-17 are incorporated by reference.

19.    For the period since March 6, 2019, Northampton has been required under IDEA to provide special education and related services to S.B. while she is receiving treatment at Iliff.

20.    By providing S.B.'s special education and related services in the absence of Northampton meeting this responsibility, Plaintiff has conferred a benefit on Defendant.

21.    Defendant was aware, at all times relevant hereto, that Plaintiff was providing these special education and related services to S.B.

22.    Defendant's retention of the benefit conferred on it by Plaintiff without compensating Plaintiff constitutes an unjust enrichment of Defendant, and implies in law an obligation by Defendant to provide reimbursement for the reasonable value of those services to FCSB.

## COUNT II
### (Declaratory Judgment and Injunctive Relief)

23.    The allegations contained in paragraphs 1-22 are incorporated by reference.

24.    In regard to Defendant's obligation to provide special education and related services to S.B. in accordance with IDEA, an actual controversy exists between FCSB and Northampton.

25.   FCSB seeks declaration of the obligation of Northampton to provide special education and related services to S.B., and FCSB's rights to obtain reimbursement for amounts expended by FCSB to provide such services as provided herein.

26.   In addition, because the harm to S.B. from the failure of Northampton to provide appropriate and sufficient educational and related services cannot be fully compensated in view of the uncertain amount and duration of the failure, FCSB seeks a permanent injunction requiring Northampton immediately to assume educational responsibility for S.B. under IDEA.

WHEREFORE Plaintiff Fairfax County School Board prays that this Court enter judgment against Defendant Northampton County Board of Education in an amount to be proven at trial but in an amount of at least one hundred and fifty thousand dollars ($150,000.00); enter a permanent injunction requiring Northampton immediately to assume educational responsibility for S.B. under IDEA; award Plaintiff pre- and post-judgment interest, award Plaintiff its costs and reasonable attorney's fees; and for any such other relief as this court deems just and necessary. Plaintiff reserves the right to amend its *ad damnum* to reflect the continuing accrual of damages pursuant to the Rules of the Supreme Court of Virginia, Rule 3:2(c)(ii).

Respectfully Submitted,

FAIRFAX COUNTY SCHOOL BOARD
By Counsel

Dated: October 15, 2020

BLANKINGSHIP & KEITH, P.C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
(703) 691-1235 (phone)
(703) 691-3913 (fax)

By: _____
John F. Cafferky, VSB No. 26179
*jcafferky@bklawva.com*
Melissa A. Little, VSB No. 82352
*mlittle@bklawva.com*
Ian McElhaney, VSB No. 94888
*imcelhaney@bklawva.com*

*Counsel for Plaintiff Fairfax County School Board*

**AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH**

Case No. **2020   16041**

Commonwealth of Virginia    VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

............................................ Fairfax County ............................................ Circuit Court

Fairfax County School Board    v.    Northampton County, North Carolina Board of Education

701 N. Church St.

Jackson, NC 27845

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments:    [×] Summons and Complaint        [ ] Notice

[ ]

*FILED 2020 OCT 15 PM 3: 40 JOHN T. FREY CLERK, CIRCUIT COURT FAIRFAX, VA. CIVIL INTAKE*

I, the undersigned Affiant, state under oath that

[×] the above-named defendant    [ ] ..................................

whose last known address is    [×] same as above [ ] ..................................

1.  [×] is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).

2.  [ ] is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

.......................................... is the hearing date and time on the attached process or notice (if applicable).

10/15/2020
DATE

[ ] PARTY [×] PARTY'S ATTORNEY [ ] PARTY'S AGENT [ ] PARTY'S REGULAR AND *BONA FIDE* EMPLOYEE

State of *Virginia*    [ ] City [×] County of *Fairfax*

Acknowledged, subscribed and sworn to before me this day by ........ *Ian McElhaney* ........
PRINT NAME OF SIGNATORY

10-15-2020
DATE

[ ] CLERK    [ ] MAGISTRATE    [×] NOTARY PUBLIC

Notary Registration No. *7594296*   My commission expires: *Feb. 28, 2022*

**Terrie Lee Mohrmann
NOTARY PUBLIC
Commonwealth of Virginia
Reg. # 7594296
Com. Exp. Feb. 28, 2022**

[×] Verification by the clerk of court of the date of filing of the certificate of compliance is requested. A self-addressed stamped envelope was provided to the clerk at the time of filing this Affidavit.

**NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:**
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

**CERTIFICATE OF COMPLIANCE**

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1.  On ............................................., legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2.  On ............................................., papers described in the Affidavit and a copy of this Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 07/13

**NON-RESIDENCE GROUNDS REQUIREMENT:**
If box number 1 is checked, insert the appropriate subsection number:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1.   Transacting any business in this Commonwealth;

2.   Contracting to supply services or things in this Commonwealth;

3.   Causing tortious injury by an act or omission in this Commonwealth;

4.   Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

5.   Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

6.   Having an interest in, using, or possessing real property in this Commonwealth;

7.   Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting;

8(ii). Having been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having *in personam* jurisdiction over such person; or

10.   Having incurred a liability for taxes, fines, penalties, interest, or other charges to any political subdivision of the Commonwealth.

**DUE DILIGENCE REQUIREMENT:**

If box number 2 is checked, the following provision applies:

When the person to be served is a resident, the signature of an attorney, party or agent of the person seeking service on such affidavit shall constitute a certificate by him that process has been delivered to the sheriff or to a disinterested person as permitted by § 8.01-293 for execution and, if the sheriff or disinterested person was unable to execute such service, that the person seeking service has been unable, after exercising due diligence, to locate the person to be served.